IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED BEACON PARTNERS, INC., | ) | |
| f/k/a Waterford Investor Services, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 C 5165 |
| v. | ) | |
| | ) | |
| LOUIS BOSCO, ANNETTE BOSCO, | ) | Hon. Virginia M. Kendall |
| LOUIS AND ANNETTE BOSCO, | ) | |
| TRUSTEES OF THE BOSCO FAMILY | ) | |
| TRUST DTD 6/25/96, LOUIS AND | ) | |
| ANNETTE BOSCO, TRUSTEES OF | ) | |
| THE BOSCO FAMILY TRUST DTD | ) | |
| 7/31/96, MARY BOROWIAK, MARY | ) | |
| BOROWIAK, TRUSTEE OF THE | ) | |
| MARY BOROWIAK TRUST, | ) | |
| MICHAEL BOROWIAK, RICHARD | ) | |
| RUBEL, and DIANE RUBEL, | ) | |
| | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Allied Beacon Partners, Inc., formerly known as Waterford Investment Services, Inc. ("ABP" or "Waterford/ABP") bring this Applicaton and Motion to Vacate the Arbitration Award entered in favor of Louis Bosco; Annette Bosco; Louis and Annette Bosco, Trustees of the Bosco Family Trust DTD 6/25/96; Louis and Annette Bosco, Trustees of the Bosco Family Trust DTD 7/31/96; Mary Borowiak; Mary Borowiak, Trustee of the Mary Borowiak Trust; Michael Borowiak; Richard Rubel; and Diane Rubel (collectively, the "Boscos") on May 20, 2013, pursuant to 9 U.S.C. § 10. (Dkt. Nos. 1, 23.) The Boscos, in turn, filed an Application and Motion to Confirm the Arbitration Award. (Dkt. Nos. 8, 21.) For the reasons stated below, the Court denies ABP's Application and Motion to Vacate the Arbitration Award and grants the

1

Boscos' Application and Motion to Confirm the Arbitration Award. The Court thereby converts the arbitration award entered in the Boscos' favor into a judgment against ABP.

## BACKGROUND

Beginning in 2005, the Boscos invested their "life savings" with George Gilbert, who was a financial advisor at Waterford (now ABP), and before that was with Community Bankers Securities, LLC ("CBS"). *Waterford Inv. Servs., Inc. v. Bosco*, 682 F.3d 348, 350–51 (4th Cir. 2012). The largest investment the Boscos made at Gilbert's suggestion were in companies that turned out to be Ponszi schemes, and by 2009, the Boscos had lost over one million dollars. *Id.* at 351. The Boscos brought claims for these losses before the Financial Industry Regulatory Authority ("FINRA"), alleging that Gilbert and his firms failed to do the proper due diligence on these investments, made misrepresentations and omissions regarding them, did not disclose the risks associated with them, and recommended them despite being unsuitable for the Boscos' needs. *Id.* at 352.

Waterford/ABP filed a declaratory action in the Eastern District of Virginia seeking a judgment that it was not required to arbitrate the dispute with the Boscos and an injunction against it being required to participate in any arbitration. *Id.* Specifically, Waterford/ABP argued that Gilbert was not an "associated person" of Waterford/ABP, and that Waterford was not a successor-in-interest to CBS and CBS's agreement to arbitrate its customers' claims. *Id.* Magistrate Judge Dohnal and Senior District Judge Payne disagreed, and Waterford/ABP was ordered to arbitrate the Boscos' claims. *Waterford Inv. Servs., Inc. v. Bosco*, 2011 WL 3820723 (E.D. Va. July 29, 2011) (Dohnal, Mag. J.); *Waterford Inv. Servs., Inc. v. Bosco*, 2011 WL 3820496, 1, 999 (E.D. Va. Aug. 26, 2011) (Payne, J.). Waterford/ABP appealed and the Fourth Circuit affirmed. *Waterford*, 682 F.3d at 350.

The parties conducted an arbitration hearing in Chicago, Illinois between May 14, 2013 and May 16, 2013. The arbitrators found in favor of the Boscos and ordered ABP to pay the Boscos[1] a total of $1,207,500 plus 10% per annum interest beginning on April 14, 2010, as well as $400,000 in attorneys fees. (Dkt. No. 21-1 at pp. 5–6.) ABP now argues the award is invalid because:

1. The award was procured by undue means;

2. There was evident partiality in the arbitrators;

3. The arbitrators refused to hear evidence pertinent and material to the controversy;

4. The arbitrators failed to adhere to and follow Virginia [law], exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made; and

5. The arbitrators finding of successor liability, without hearing or receiving any evidence at all, deprived ABP of due process of law in violation of the Virginia and United States Constitutions.

(Dkt. No. 1 at pp. 1–2.) The Boscos counter that the award was fairly entered, and that in either event, ABP's grounds for challenging it are meritless and unsupported because ABP did not provide the record or arbitration transcripts.

## STANDARD OF REVIEW

Motions to vacate arbitration awards are highly disfavored in the Seventh Circuit, and this Court's review of such an award is "extremely limited." *See Yasuda Fire & Marine Ins. Co. of Europe, Ltd v. Cont'l Cas. Co.*, 37 F.3d 345, 349 (7th Cir. 1994); *see also Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993). Courts may not

---

[1] Specifically, the panel awarded $600,000 to the Bosco Family Trust DTD 6/25/96; $28,000 to Michael Borowiak; $376,000 to Mary Borowiak; $196,000 to Richard Rubel and Diane Rubel; and $7,500 to the Bosco Family Trust DTD 6/25/96, Michael Borowiak, Mary Borowiak, Richard Rubel, and Diane Rubel. Each award also included 10% per annum interest beginning on April 14, 2010.

3

interfere with an arbitrator's findings of fact merely because it disagrees with them, otherwise the purpose of arbitration proceedings as speedy and cost-effective dispute resolution options would be undermined. *See Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1992) ("Thus, the court's function in confirming or vacating an arbitration award is severely limited. If it were otherwise, the ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated."); *see also United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987) (collective bargaining agreement context); *Flexible Mfg. Sys. Pty. Ltd. v. Super Prods. Corp.*, 86 F.3d 96, 100 (7th Cir. 1996) ("Thinly veiled attempts to obtain appellate review of an arbitrator's decision . . . are not permitted under the FAA. Factual or legal errors by arbitrators—even clear or gross errors—do not authorize courts to annul awards. Insufficiency of the evidence is not a ground for setting aside an arbitration award under the FAA." (internal citations omitted)).

Courts will only disrupt an arbitration award if the arbitrator "effectively dispenses his own brand of industrial justice because there is no possible interpretive route to the award," but they will not disrupt an award even when "an arbitrator committed serious error or the decision is incorrect or even whacky." *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1025–26 (7th Cir. 2013) (applying these principles, outlined by courts in the collective bargaining agreement context, to commercial disputes). *See also Flexible Mfg.*, 86 F.3d at 100 ("The fact that an arbitrator makes a mistake, by erroneously rejecting a valid, or even a dispositive legal defense, does not provide grounds for vacating an award unless the arbitrator deliberately disregarded what she knew to be the law."). Nevertheless, the Federal Arbitration Act ("FAA") permits a court to vacate an arbitration award in four narrow instances:

> (1) [W]here the award was procured by corruption, fraud, or undue means;
>
> (2) [W]here there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) [W]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) [W]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)–(4). But the Seventh Circuit has repeatedly cautioned against the type of substantive challenge brought by ABP here, that is, a request that a federal court review an arbitration award for errors of law or fact. *See, e.g.*, *Prostyakov v. Masco Corp.*, 513 F.3d 716, 723 (7th Cir. 2008) (writing, in "some frustration," that "we do not—and will not—review arbitral awards for legal or factual error"). This is particularly true given "the long line of Seventh Circuit cases that have discouraged parties from challenging arbitration awards and have upheld Rule 11 sanctions in cases where the challenge to the award was substantially without merit." *CUNA Mutual Ins. Society v. Office and Professional Employees Int'l Union, Local 39*, 443 F.3d 556, 561 (7th Cir. 2006).

## DISCUSSION

### I. ABP Provides No Evidence to Support Any of its Claims

ABP alleges the arbitration was flawed because the decision was obtained through undue means, in violation of its due process rights, and at the hands of partial, biased arbitrators who refused to hear evidence central to its arguments. The party seeking to modify or vacate an arbitration award bears the burden of proving that such a modification or vacation is warranted.

*See, e.g.*, *Simas v. Balcer*, 2001 WL 62576, *2 (N.D. Ill. Jan. 25, 2001) ("The petitioner has the burden of demonstrating the existence of a valid ground for vacating the [arbitration] award."); *Wilson v. Sterling Foster & Co.*, 1998 WL 749065, *5 (N.D. Ill. Oct. 15, 1998) (stating that "the party seeking to vacate or modify an arbitration award bears the burden of proof"); *Forum Ins. Co. v. First Horizon Ins. Co.*, 1989 WL 65041, *3 (N.D. Ill. June 8, 1989) ("[Petitioner] has the burden of establishing a violation of 9 U.S.C. § 10."); *see also Metter v. Wachovia Sec., LLC*, 2008 WL 4395086, *2 (N.D. Ill. Sept. 23, 2008) ("The burden of proving evident [arbitrator] partiality rests with the party asserting the claim.").

ABP has failed to provide transcripts of the arbitration proceeding, and the Court is therefore unable to adequately consider the record. *See Health Servs.*, 975 F.2d at 1258–59. Rather than cite to specific portions of the proceeding that support its sweeping claims, ABP merely refers to generally to the testimony elicited during the course of the three-day proceeding, as well as to entire exhibits without providing them to the Court or citing to specific pages. (Dkt. No. 4, 24.) ABP had ample opportunity to provide this evidence to the Court because it was able to respond to the Boscos' motions that cited this defect in the record. The Court therefore finds that ABP has failed to meet its evidentiary burden for all of its claims and denies its Motion to Vacate the Arbitration Award. *E.g.*, *World Bus. Paradise, Inc. v. Suntrust Bank*, 403 F. App'x 468, 470 (11th Cir. 2010) ("Thus Appellants have not provided this Court with any evidentiary support for their assertions [because they did not provide the transcripts of the proceedings]. This lack of evidence is especially problematic where, as here, the opposing party disputes the factual basis for the claims of misconduct and partiality. We conclude that Appellants have failed to support their claims of misconduct and partiality and have therefore failed to establish adequate grounds to vacate the award."); *Univ. Commons-Urbana, Ltd. v. Universal*

*Constructors Inc.*, 304 F.3d 1331, 1337 (11th Cir. 2002) (finding that, because the arbitration hearings were not transcribed, "we have no indication of the arbitrators' reasons for [the award], and, thus, we have no reason to believe that they disregarded the law in doing it."); *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 2013 WL 3367401, *18, —— F. Supp. 2d —— (N.D. Tex. July 5, 2013) ("[Petitioner] did not provide a transcript of the testimony presented during the arbitration hearing . . . . The court . . . concludes that, without a record and transcript of the arbitration hearing and the arbitration testimony referred to in the parties' briefing, it must presume that the arbitrator's decision . . . is correct."); *Jamoua v. CCO Inv. Servs. Corp.*, 2010 WL 891148, *5 (E.D. Mich. Mar. 10, 2010) ("Where, as here, the party moving to vacate the award provides no transcript or record evidence, but presents only self-serving and conclusory allegations unsupported by any record evidence, it is impossible for this Court to determine that the [Arbitration] Panel was guilty of misconduct."); *Dailey v. Legg Mason Wood Walker, Inc.*, 2009 WL 4782151, *4 (W.D. Pa. Dec. 8, 2009) ("Given that Plaintiff has deliberately chosen not to submit transcripts from the arbitration hearing, the Court has little upon which to test his far-flung claims of [the panel's decision's] 'irrationality.'").

ABP also argues, among other reasons, that the arbitration award should be vacated because the panel employed Illinois law when it should have applied Virginia law. However, as discussed above, this Court will not disturb an arbitration award even if the arbitrators make errors of law and fact. *Johnson Controls*, 712 F.3d at 1025–26. This Court makes no ruling as to which law should have been applied in the arbitration, not only because it may not, but also because it cannot due to the lack of any transcripts or any other evidence that Illinois or Virginia law should apply—the Boscos urge that ABP never even raised this argument to the arbitration panel. The Court will not speculate on this topic and also denies ABP's claims on this point. In

7

fact, the same reasoning applies to all of ABP's claims: ABP faces an already steep burden when asking a court to overturn an arbitration panel's decision, and that burden became insurmountable when ABP provided no evidence to support any of its claims. This Court cannot and will not attempt to upset the decisions of an independent arbitration panel, three judges on the Fourth Circuit Court of Appeals, and a Magistrate Judge and Senior District Court Judge on the Eastern District of Virginia without any evidence suggesting such an extreme remedy is warranted.

## II. ABP is Ordered to Pay the Boscos' Reasonable Legal Fees Associated with this Filing

Rule 11(b) states that in presenting papers to federal court, the attorney or party thereby certifies that the filing is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that the legal argument presented is "warranted by existing law or by a nonfrivolous argument" for changing the law. *See* Fed.R.Civ.P. 11(b)(1), (2). When considering sanctions, this Court employs a standard of objective reasonableness, and must consider whether a reasonable attorney would have or should have known that his conduct violated the provisions of the Rule. *See Thompson v. Duke*, 940 F.2d 192, 195 (7th Cir. 1991). The Court must look to the circumstances surrounding the party's conduct, and may impose sanctions even if only some of the party's actions violated the Rule. *See Teamsters Local No. 579 v. B & M Transit*, 882 F.2d 274, 280–81 (7th Cir. 1989). The Court need not hold a hearing before imposing Rule 11 sanctions, if they are entered "based on the objective record of a party's conduct . . . ." *Id.* at 279.

As discussed above, there is an outright hostility in the Seventh Circuit to parties challenging arbitration awards. *Prostyakov*, 513 F.3d at 723. And the free availability of

sanctions against those who challenge arbitration awards and fail has been emphatically noted: "The rules . . . to discourage groundless litigation are being and will continue to be enforced in this circuit to the hilt—as a recital of opinions published by this court [imposing sanctions] should make clear. Lawyers practicing in the Seventh Circuit, take heed!" *Dreis & Krump Mfg. Co. v. Int'l Assoc. of Machinists & Aerospace Workers Dist. No. 8*, 802 F.2d 247, 255–56 (7th Cir. 1986). Arbitration is designed to ensure the timely and final resolution of disputes, and the Seventh Circuit has made it clear that courts of this Circuit are encouraged to sanction lawyers who attempt to undermine the goals of the arbitration system through meritless challenges. *See Dreis & Krump Mfg. Co.*, 802 F.2d at 254–55 ("[W]e indicated that we would award attorney's fees against parties that challenge arbitration awards without basis and we noted that attorney's fees had in the past been awarded more freely in such cases than in other cases of groundless litigation.").

ABP's Motion to Vacate the Arbitration Award is wholly meritless and appears to be an attempt to get a *fifth* bite at the apple after failing in two actions in the Eastern District of Virginia, then on appeal to Fourth Circuit Court of Appeals, and finally with the arbitration panel itself. This long, expensive stretch of litigation is precisely what private arbitration proceedings are meant to avoid. Because this additional flurry of briefing occurred at no fault of the Boscos, they should not be required to bear the costs of continually defending their fairly entered arbitration award. The Court therefore orders ABP to pay the Boscos' reasonable legal fees—in addition to the award and legal fees issued as a result of the arbitration award—accrued in the present case. The Boscos are directed to file a fee petition within 30 days for entry by the Court.

**CONCLUSION**

For the reasons set forth above, the Court denies ABP's Application and Motion to Vacate the Arbitration Award and grants the Boscos' Application and Motion to Confirm the Arbitration Award. The arbitration award is thereby converted to a judgment against ABP. The Court further orders ABP to pay the Boscos' reasonable legal fees for this proceeding, in addition to what it must pay as awarded in the arbitration. The Boscos shall file a fee petition with this Court within 30 days.

                                                                       _____
                                                                       Virginia M. Kendall
                                                                       United States District Court Judge
                                                                       Northern District of Illinois

Date:  February 13, 2014